UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LYNETTE WEDDINGTON
on behalf of herself and
all others similarly situated,                                  Case No. 21-cv-5033

            Plaintiff,                          **INDIVIDUAL ACTION
                                                PURSUANT TO 29 U.S.C. § 216(b)
    v.                                          AND CLASS ACTION
                                                PURSUANT TO FED R. CIV. P. 23**
ASCENSION HEALTH SENIOR CARE
d/b/a ASCENSION LIVING                          **JURY TRIAL DEMANDED**
101 South Hanley, Suite 450
St. Louis, Missouri 63105

            Defendant

## COMPLAINT

## PRELIMINARY STATEMENT

1.      This is an individual action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and a class action brought pursuant to Illinois' Minimum Wage Law, 820 ILCS 105/12, *et seq.* ("IMWL") and Illinois' Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*, Ill. Admin. Code 300, *et seq* ("IWPCA"), and Fed. R. Civ. P. 23, by Plaintiff Lynette Weddington against Defendant Ascension Health Senior Care d/b/a Ascension Living.

2.      Plaintiff brings her FLSA cause of action individually and her IMWL and IWPCA claims and causes of action on behalf of herself and all other similarly situated current and former hourly-paid, non-exempt Associates of Defendant who worked in the State of Illinois for purposes of obtaining relief under said laws for unpaid compensation (including overtime compensation), statutory and liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or

any such other relief the Court may deem appropriate. Specifically, Defendant operated an unlawful compensation system that deprived current and former hourly-paid, non-exempt Associates of their wages earned for all compensable work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by shaving time from said employees' hours worked each workweek by impermissibly rounding their recorded hours of work for its own benefit (and to the detriment of said employees), and then compensating said employees based on their rounded hours worked.

3. Defendant's deliberate failure to compensate Plaintiff and all other hourly-paid, non-exempt Associates for all hours worked in such a fashion as described herein violated federal law as set forth in the FLSA and state law as set forth in the IMWL and IWPCA.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

5. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Illinois' Minimum Wage Law, 820 ILCS 105/12, *et seq.*, and Illinois' Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*, Ill. Admin. Code ILL. 300, *et seq.*, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant does business and has substantial and systematic contacts in this District.

**PARTIES AND COVERAGE**

7.      Defendant, Ascension Health Senior Care, was, at all material times herein, a Missouri entity doing business in the State of Illinois with a principal address of 4600 Edmundson Road, St. Louis, Missouri 63134.

8.      Defendant's registered agent for service of process in the State of Missouri is CSC – Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri 65101.

9.      Defendant does business in the State of Illinois – and in other states across the United States – as "Ascension Living," which has a principal office address of 12250 Weber Hill Road, St. Louis, Missouri 63127.

10.     During the relevant time periods, Defendant, via "Ascension Living," or "Ascension Senior Living," owned, operated, and managed over fifty (50) physical locations, or senior living "communities," across the Unites States, including approximately twelve (12) locations in the State of Illinois.

11.     During the relevant time periods, the physical locations, or senior living "communities," that Defendant, via "Ascension Living," or "Ascension Senior Living," owned, operated, and managed in the State of Illinois offered a variety of services to seniors, including but not limited to: continuing care retirement; independent living; assisted living; memory support; skilled nursing; and rehabilitation.

12.     Plaintiff, Lynette Weddington, is an adult female resident of the State of Illinois with a post office address of 2134 Luther Avenue, Lockport, Illinois 60441.

13.     During the relevant time periods, one of the physical locations, or senior living "communities," that Defendant, via "Ascension Living," or "Ascension Senior Living," owned,

operated, and managed in the State of Illinois was Ascension Living Villa Franciscan, located at 210 North Springfield Avenue, Joliet, Illinois 60435.

14.     During the relevant time periods, Plaintiff performed compensable work as an hourly-paid, non-exempt Associate at Defendant's Ascension Living Villa Franciscan Place on Defendant's behalf, at its direction, for its benefit, and/or with its knowledge.

15.     For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

16.     For purposes of the IMWL and IWPCA, Defendant was the "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms or variations thereof are used in 820 ILCS 105/12, *et seq.*, 820 ILCS 115/1, *et seq.*, and Ill. Admin. Code 300, *et seq.*

17.     During the relevant time periods, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

18.     During the relevant time periods, Defendant employed more than two (2) employees.

19.     During the relevant time periods, Defendant's annual dollar volume of sales or business exceeded $500,000.

20.     During the relevant time periods, Plaintiff was engaged in commerce or in the production of goods for commerce.

21.     During the relevant time periods, all of Defendant's hourly-paid, non-exempt employees, including Plaintiff, who performed compensable work on its behalf, at its direction, for its benefit, and/or with its knowledge at the physical locations, or senior living "communities," that it owned, operated, and managed in the State of Illinois were similarly referred to and

characterized as "Associates" for employment, timekeeping, recordkeeping, and compensation purposes – despite, at times, having different job titles and/or job positions.

22.     During the relevant time periods, all of Defendant's hourly-paid, non-exempt Associates in the State of Illinois, including Plaintiff, similarly performed compensable work as part of Defendant's senior living services at each of its locations and were all similarly subject to (and victims of) Defendant's centralized employment, timekeeping, recordkeeping, and compensation policies and practices.

23.     During the relevant time periods, Defendant supervised Plaintiff's and all other hourly-paid, non-exempt Associates' day-to-day activities.

24.     During the relevant time periods, Defendant maintained the ability to hire, fire, promote, demote, and suspend Plaintiff and all other hourly-paid, non-exempt Associates.

25.     During the relevant time periods, Defendant reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt Associates.

26.     During the relevant time periods, Defendant established Plaintiff's and all other hourly-paid, non-exempt Associates' work schedules.

27.     During the relevant time periods, Defendant provided Plaintiff and all other hourly-paid, non-exempt Associates with work assignments and hours of work.

28.     During the relevant time periods, Defendant established Plaintiff's and all other hourly-paid, non-exempt Associates' rates of pay and means of compensation.

29.     During the relevant time periods, Defendant tracked and recorded Plaintiff's and all other hourly-paid, non-exempt Associates' hours of work.

30.     During the relevant time periods, Defendant established the work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt Associates abided in the workplace.

31.     During the relevant time periods, Defendant maintained an Employee Handbook – titled, "Ascension Senior Living Associate Handbook" – that established the terms, conditions, work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt Associates abided in the workplace.

32.     During the relevant time periods, Defendant oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non-exempt Associates' employment-related questions, benefits-related questions, and workplace issues.

33.     During the relevant time periods, Defendant controlled Plaintiff's and all other hourly-paid, non-exempt Associates' terms and conditions of employment.

## GENERAL ALLEGATIONS

34.     In approximately April 2015, Defendant hired Plaintiff into the position of Certified Nursing Assistant at Ascension Living Villa Franciscan Place.

35.     During Plaintiff's employment with Defendant, Plaintiff primarily performed compensable work on Defendant's behalf, with its knowledge, for its benefit, and/or at its direction at Ascension Living Villa Franciscan Place.

36.     During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

37.     During Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for purposes of the FLSA, IMWL, and IWPCA.

38.     On a daily basis during Plaintiff's employment with Defendant, Plaintiff worked alongside other hourly-paid, non-exempt Associates employed by Defendant.

39.     During the relevant time periods, Defendant compensated its hourly-paid, non-exempt Associates on an hourly basis and/or with an hourly rate of pay.

40.     During the relevant time periods, Defendant's hourly-paid, non-exempt Associates were non-exempt employees for purposes of the FLSA, IMWL, and IWPCA.

41.     During the relevant time periods, Plaintiff and all other hourly-paid, non-exempt Associates performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction at Defendant's physical locations, or senior living "communities," that it, via "Ascension Living," or "Ascension Senior Living," owned, operated, and managed in the State of Illinois.

42.     During the relevant time periods, Defendant maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt Associates.

43.     During the relevant time periods, Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt Associates.

44.     During the relevant time periods, Defendant maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt Associates for all hours worked, work performed, and remuneration earned each workweek.

45.     During the relevant time periods, Plaintiff and all other hourly-paid, non-exempt Associates frequently worked in excess of forty (40) hours per workweek.

46.     During the relevant time periods, Defendant knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt Associates frequently worked in excess of forty (40) hours per workweek.

47.     During the relevant time periods, Defendant compensated Plaintiff and all other hourly-paid, non-exempt Associates on a bi-weekly basis.

48.      During the relevant time periods, Defendant compensated Plaintiff and all other hourly-paid, non-exempt Associates on a bi-weekly basis via paycheck and/or pay card.

49.     During the relevant time periods, Defendant's workweek for FLSA, IMWL, and IWPCA purposes was Sunday through Saturday.

50.     During the relevant time periods, Defendant tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt Associates' hours worked each workday and each workweek via its electronic timekeeping system.

51.     During the relevant time periods, Defendant's electronic timekeeping system rounded Plaintiff's and all other hourly-paid, non-exempt Associates' recorded hours of work.

52.     During the relevant time periods, the rounding system employed by Defendant and to which Plaintiff and all other hourly-paid, non-exempt Associates were subject, impermissibly operated to Defendant's benefit (and to said employees' detriment), depriving Plaintiff and all other hourly-paid, non-exempt Associates of compensation for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

53.     During the relevant time periods, Plaintiff and all other hourly-paid, non-exempt Associates used Defendant's electronic timekeeping system to "clock in" and to "clock out" of work each day at the beginning and end of their shifts, respectively.

54.     During the relevant time periods, Plaintiff and all other hourly-paid, non-exempt Associates performed compensable work immediately after "clocking in" via Defendant's electronic timekeeping system at the beginning of their shifts each workday.

55.     During the relevant time periods, Defendant's Employee Handbook stated, among other things: "An associate who clocks in and does not directly report to his or her work area will be subject to corrective action up to and including termination."

56.     During the relevant time periods, Plaintiff and all other hourly-paid, non-exempt Associates performed compensable work immediately prior to "clocking out" via Defendant's electronic timekeeping system at the end of their shifts each workday.

57.     During the relevant time periods, Defendant required Plaintiff and all other hourly-paid, non-exempt Associates to record their hours worked and work performed by "clocking in" at the beginning of their shifts (when compensable work commenced) and "clocking out" at the end of their shifts (when compensable work ceased) via Defendant's electronic timekeeping system.

58.     During the relevant time periods, Plaintiff and all other hourly-paid, non-exempt Associates used Defendant's electronic timekeeping system to record all hours worked and work performed each workday and each workweek.

59.     During the relevant time periods, Plaintiff's and all other hourly-paid, non-exempt Associates' "clock in" and "clock out" times each workday via Defendant's electronic timekeeping system were kept, stored, and/or retained by Defendant.

60.     During the relevant time periods, Plaintiff's and all other hourly-paid, non-exempt Associates' "clock in" and "clock out" times each workday via Defendant's electronic timekeeping

system recorded, reflected, and represented the actual hours worked and work performed each workday and each workweek by Plaintiff and all other hourly-paid, non-exempt Associates.

61.     During the relevant time periods, Plaintiff and all other hourly-paid, non-exempt Associates were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of shaving time (via electronic timeclock rounding) from said employees' weekly hours worked for pre-shift and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendant.

62.     During the relevant time periods, Defendant's pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt Associates for all hours actually worked and/or work performed each workday and each workweek as recorded, reflected, and represented via Defendant's electronic timekeeping system by rounding said Associates' actual "clock in" and "clock out" times in its favor and to the detriment of said Associates.

63.     During the relevant time periods, Defendant's pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt Associates for all hours actually worked and/or work performed each workday and each workweek as recorded, reflected, and represented via Defendant's electronic timekeeping system by rounding said Associates' actual "clock in" times forward to the nearest quarter-hour.

64.     During the relevant time periods, Defendant's pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt Associates for all hours actually worked and/or work performed each workday and each workweek as recorded, reflected, and represented via Defendant's electronic timekeeping system by rounding said Associates' actual "clock out" times backwards to the nearest quarter-hour.

65. During the relevant time periods, Defendant shaved compensable work performed from Plaintiff's and all other hourly-paid, non-exempt Associates' timesheets each workday and each workweek by failing to compensate Plaintiff and all other hourly-paid, non-exempt Associates when compensable work commenced each workday (as recorded, reflected, and represented via Defendant's electronic timekeeping system). Instead, Defendant compensated Plaintiff and all other hourly-paid, non-exempt Associates based on their rounded hours of work each workweek via their electronic timekeeping system.

66. During the relevant time periods, Defendant's policies in practice unlawfully and impermissibly failed to, on a daily and/or weekly basis, compensate Plaintiff and all other hourly-paid, non-exempt Associates when compensable work commenced and ceased each workday.

67. During the relevant time periods, Defendant's policies in practice unlawfully and impermissibly failed to, on a daily and/or weekly basis, compensated Plaintiff and all other hourly-paid, non-exempt Associates for all compensable work performed throughout the workday.

68. During the relevant time periods, Defendant did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt Associates for all hours actually worked and/or work performed each workday and each workweek at an overtime rate of pay.

69. During the relevant time periods and in workweeks when no overtime compensation was due, if any, Defendant suffered or permitted Plaintiff and all other hourly-paid, non-exempt Associates to work without being paid appropriate, agreed upon, or lawful compensation at their regular rates of pay for all hours worked and/or work performed each workday and each workweek.

70. During the relevant time periods, Defendant was or should have been aware that its compensation policies in practice failed to compensate Plaintiff and all other hourly-paid, non-

exempt Associates in the same or similar fashion for all hours worked and/or work performed each workday and each workweek, at a regular rate of pay and/or at an overtime rate of pay.

71.     During the relevant time periods, Defendant knew and/or was aware that its pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt Associates for all pre-shift and post-shift compensable work performed as described herein, despite having a record of all hours worked and work performed each workday and each workweek via its electronic timekeeping system.

72.     On or about October 5, 2019, Defendant changed its uniform compensation practice applicable to Plaintiff and all other hourly-paid, non-exempt Associates by no longer compensating said employees based on their rounded hours worked, but rather based on their actual hours worked as reflected by their "clock in" and "clock out" times each workday and each workweek.

73.     Defendant changed its uniform compensation practice applicable to Plaintiff and all other hourly-paid, non-exempt Associations on or about October 5, 2019, in response to a federal court Complaint filed against one of its locations, Alexian Village of Milwaukee, Inc., on September 10, 2019, in Case No. 2:19-cv-01308-JPS (E.D. Wis.). That Complaint alleged, in part, that Defendant unlawfully shaved time from its hourly-paid, non-exempt Associates' "timesheets each workweek by impermissibly rounding recorded hours of work to its own benefit (and to the detriment of [the p]laintiff), depriving [the p]laintiff with compensation for hours worked and work performed each workweek."

74.     Defendant changed its uniform compensation practice applicable to Plaintiff and all other hourly-paid, non-exempt Associations on or about October 5, 2019, because it knew and/or was aware that its pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt Associates for all pre-shift and post-shift compensable work performed

as described herein, despite having a record of all hours worked and work performed each workday and each workweek via its electronic timekeeping system.

## **RULE 23 CLASS ALLEGATIONS**

75.     Plaintiff brings this action on behalf of herself and all other similarly situated employees pursuant to the IMWL and IWPCA, and under Fed. R. Civ. P. 23 (the "Rule 23 Class"). The similarly situated employees include:

> All current and former hourly-paid, non-exempt Associates employed by Defendant in the State of Illinois between September 22, 2011 and approximately October 5, 2019, who utilized Defendant's electronic timekeeping system to record their hours worked.

76.     The members of the Rule 23 Class are readily ascertainable. The number and identity of the members of the Rule 23 Class are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Rule 23 Class are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

77.     The proposed Rule 23 Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over five hundred (500) members of the Rule 23 Class.

78.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Rule 23 Class, and the relief sought is typical of the relief which would be sought by each member of the Rule 23 Class in separate actions. All members of the Rule 23 Class were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide

policies and practices affected all members of the Rule 23 Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Rule 23 Class. Plaintiff and other members of the Rule 23 Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

79.     Plaintiff can fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to them. Plaintiff is represented by counsel who is experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

80.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual members of the Rule 23 Class are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Rule 23 Class to redress the wrongs done to them.

81.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Rule 23 Class would create a risk of inconsistent and/or varying adjudications with respect to the individual

members of the Rule 23 Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

82.     Defendant has violated the IMWL and IWPCA regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

83.     There are questions of fact and law common to the Rule 23 Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Rule 23 Class arising from Defendant's actions include, without limitation, the following: (a) Whether the work performed by Plaintiff and the Rule 23 Class was compensable under Illinois law; (b) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Rule 23 Class to perform work for Defendant's benefit without being properly and lawfully compensated; (c) Whether Defendant failed to pay the Rule 23 Class for all work Defendant suffered or permitted them to perform; and (d) The nature and extent of class-wide injury and the measure of damages for the injury.

84.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency,

economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the state law claims.

### FIRST CLAIM FOR RELIEF
### Violations of the FLSA – Unpaid Overtime
### (Plaintiff, individually)

85.     Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

86.     At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

87.     At all times material herein, Defendant was the employer of Plaintiff as provided under the FLSA.

88.     At all times material herein, Plaintiff was an employee of Defendant as provided under the FLSA.

89.     Plaintiff was the victim of an unlawful compensation policy and practice as described herein, in violation of the FLSA.

90.     Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

91.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of good for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

92.     Defendant violated the FLSA by suffering or permitting Plaintiff to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours

each workweek. Specifically, Defendant's unlawful compensation practice shaved time from Plaintiff's hours worked and/or work performed each workweek while "clocked in" via Defendant's electronic timekeeping system by compensating Plaintiff based on her rounded "clock" times as opposed to all hours she actually worked each workweek. By failing to compensate Plaintiff in such a fashion as described herein, Defendant deprived Plaintiff of overtime premium pay for each hour she worked in excess of forty (40) hours each workweek and for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

93.     Plaintiff's FLSA cause of action against Defendant was equitably tolled as a result of previously consenting to join a conditionally certified collective in *Smith v. Ascension Health Alliance d/b/a Ascension Living, et al.,* Case No. 2:20-cv-00421-BHL (E.D. Wis.), as filed with the United States District Court for the Eastern District of Wisconsin – Milwaukee Division on May 14, 2021 (ECF No. 57-1).

94.     Plaintiff retained the right to bring this individual cause of action pursuant to the FLSA as a result of rescinding her aforementioned consent in *Smith v. Ascension Health Alliance d/b/a Ascension Living, et al.,* Case No. 2:20-cv-00421-BHL (E.D. Wis.), on September 22, 2021, and prior to the filing of this action.

95.     Defendant's failure to properly compensate Plaintiff was willfully perpetrated. Defendant also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to

pay overtime premium pay wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

96.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violation of the IWPCA – Unpaid Agreed Upon Wages**
<u>**(Plaintiff on behalf of herself and the Rule 23 Class)**</u>

97.     Plaintiff, on behalf of herself and the Rule 23 Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

98.     At all relevant times, Plaintiff and the Rule 23 Class were employees of Defendant within the meaning of 820 ILCS 115/2.

99.     At all relevant times, Defendant was an employer of Plaintiff and the Rule 23 Class within the meaning of 820 ILCS 115/2.

100.     At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Rule 23 Class within the meaning of 820 ILCS 115/1, *et seq.* and Ill. Admin. Code 300, *et seq.* ("IWPCA").

101.     From September 22, 2011, until approximately October 5, 2019 (at which time Defendant's policy and/or practice changed), Plaintiff and the Rule 23 Class regularly performed activities at Defendant that were an integral and indispensable part of their principal activities without receiving agreed upon compensation for these activities from Defendant.

102.     At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Rule 23 Class agreed upon compensation within fourteen (14) days of earning said compensation.

103.    From September 22, 2011 until approximately October 5, 2019 (at which time Defendant's policy and/or practice changed), Defendant maintained and perpetrated an unlawful compensation practice that shaved time from Plaintiff's and the Rule 23 Class's hours worked for all pre-shift and post-shift hours worked and/or work performed while "clocked in" via Defendant's electronic timekeeping system each workday and each workweek, resulting in Defendant impermissibly and unlawfully failing to compensate Plaintiff and the Rule 23 Class for any and all hours worked and/or work performed each workday and each workweek at the agreed upon rate of pay in violation of the IWPCA.

104.    As set forth above, Plaintiff and the Rule 23 Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Rule 23 Class seek damages in the amount of their respective underpayments of agreed upon wages, injunctive relief requiring Defendant to cease and desist from its violations of the Illinois laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under 820 ILCS 115/14 Plaintiff and the Rule 23 Class may be entitled to statutory damages in the amount of two percent (2%) of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

105.    Plaintiff and the Rule 23 Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the IWPCA.

**THIRD CLAIM FOR RELIEF**
**Violation of the IMWL – Unpaid Overtime Wages**
**(Plaintiff on behalf of herself and the Rule 23 Class)**

106.    Plaintiff, on behalf of herself and the Rule 23 Class, re-alleges and incorporates all previous paragraphs as if they were set forth herein.

107.    At all relevant times, Plaintiff and the Rule 23 Class were employees of Defendant within the meaning of 820 ILCS 105/3(d).

108.    At all relevant times, Defendant was an employer of Plaintiff and the Rule 23 Class within the meaning of 820 ILCS 105/3(c).

109.    At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Rule 23 Class within the meaning of 820 ILCS 105/1, *et seq.*

110.    From September 22, 2011, until approximately October 5, 2019 (at which time Defendant's policy and/or practice changed), Plaintiff and the Rule 23 Class performed activities at Defendant that were an integral and indispensable part of their principal activities without receiving compensation for these activities from Defendant.

111.    At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Rule 23 Class compensation at the proper and lawful overtime rate of pay for all hours worked and/or work performed over forty (40) in a workweek.

112.    From September 22, 2011 until approximately October 5, 2019 (at which time Defendant's policy and/or practice changed), Defendant maintained and perpetrated an unlawful compensation practice that shaved time from Plaintiff's and the Rule 23 Class's hours worked for all pre-shift and post-shift hours worked and/or work performed while "clocked in" via Defendant's electronic timekeeping system each workday and each workweek, resulting in Defendant impermissibly and unlawfully failing to compensate Plaintiff and the Rule 23 Class for all hours worked and/or work performed each workday and each workweek at an overtime rate of pay, in violation of the IMWL.

113.     Defendant willfully failed to pay Plaintiff and the Rule 23 Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the IMWL.

114.     As set forth above, Plaintiff and the Rule 23 Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Rule 23 Class seek damages in the amount of their respective underpayment of compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Illinois laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under 820 ILCS 105/12, Plaintiff and the Rule 23 Class may be entitled to treble the amount of underpayment of compensation and/or damages of five percent (5%) of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

115.     Plaintiff and the Rule 23 Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the IMWL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a)      Issue an Order certifying this action as a class action and certifying the Rule 23 Class as described herein pursuant to Federal Rules of Civil Procedure 23;

b)      Issue an Order appointing Walcheske & Luzi, LLC as class counsel and Plaintiff as class representative pursuant to Federal Rules of Civil Procedure 23;

c)      Issue an Order allowing Notice, or issue such Court supervised Notice, to all members of the Rule 23 Class informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their rights as relate to this action. Additionally, such Notice will include a statement informing the similarly situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation for their participation in this action;

d)      Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the

FLSA, Illinois Law, and applicable regulations, and as willful as defined in the FLSA and Illinois Law;

e)   Issue an Order directing and requiring Defendant to pay Plaintiff damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which she was not paid pursuant to the rate provided by the FLSA;

f)   Issue an Order directing and requiring Defendant to pay Plaintiff and all members of the Rule 23 Class damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the IMWL;

g)   Issue an Order directing and requiring Defendant to pay Plaintiff and all members of the Rule 23 Class damages in the form of reimbursement for unpaid regular or agreed-upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the IWPCA;

h)   Issue an Order directing and requiring Defendant to pay Plaintiff liquidated and statutory damages pursuant to the FLSA in an amount equal to, and in addition to the amount of overtime wages owed to her;

i)   Issue an Order directing and requiring Defendant to pay Plaintiff and all members of the Rule 23 Class liquidated and statutory damages pursuant to the IMWL and IWPCA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

j)   Issue an Order directing Defendant to reimburse Plaintiff and all members of the Rule 23 Class for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

k)   Provide Plaintiff and all members of the Rule 23 Class with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 22nd day of September, 2021

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *James A. Walcheske*
James A. Walcheske, WI State Bar No. 1065635

WALCHESKE & LUZI, LLC
125 S. Wacker Drive, Suite 300
Chicago, Illinois 60606

Phone: (224) 698-2630
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com